UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-01431-JLS (DFMx)                         Date: March 17, 2015
Title: Giovanni Espinoza v. C&L Refrigeration Corporation et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
          Not Present                                             Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 29)**

Before the Court is a Motion for Reconsideration filed by Defendant C&L Refrigeration Corporation.  (Mot., Doc. 29.)  Plaintiff has not filed an Opposition.  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for March 20, 2015, at 2:30 p.m., is VACATED.  For the following reasons, the Court DENIES Defendant's Motion.

On December 10, 2014, this Court granted in part Defendant's Motion to Compel Individual Arbitration and Stay Action, or Alternatively, to Dismiss Action.  (Order, Doc. 27.)  The Court enforced the arbitration agreement and stayed the action pending completion of arbitration.  (Id. at 12.)  However, the Court found that "it is for the arbitrator to decide whether the Agreement permits Plaintiff to assert his claims in arbitration on behalf of other individuals, or only on an individual basis."  (Id. (citing *Lee v. JPMorgan Chase & Co.*, 982 F. Supp. 2d 1109, 1114 (C.D. Cal. 2013).)

Defendant seeks reconsideration of the portion of the Court's Order that held that the arbitrator, rather than the Court, determines the individual or class nature of the parties' arbitration proceedings.  (Mot. at 1; Order at 12.)  Under Local Rule 7-18, a motion for reconsideration:

> may be made only on the grounds of (a) a material difference in fact or law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  SACV 14-01431-JLS (DFMx) | Date:  March 17, 2015 |
| Title:  Giovanni Espinoza v. C&L Refrigeration Corporation et al. | |

> from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18.  Further, a motion for reconsideration may not repeat any written or oral argument made in opposition to the original motion.  *See id.*

Here, reconsideration of the Order is unwarranted.  In its Order, relying on its previous reasoning in *Lee v. JPMorgan Chase & Co.*, 982 F. Supp. 2d 1109 (C.D. Cal. 2013), the Court explained that the question of whether Plaintiff must be compelled to arbitrate on an individual basis does not fall into the limited scope of the Court's responsibilities when deciding a motion to compel arbitration.  (Order at 12 (quoting *Lee*, 982 F. Supp. 2d at 1114).)  In its Motion for Reconsideration, Defendant contends that "[s]ubsequent to this Court's issuance of the Order, on December 22, 2014, the Ninth Circuit held that the issue of whether individual or class-wide arbitration is permitted under the arbitration agreement is a "gateway issue" to be determined by the court, not the arbitrator."  (Mot. at 1 (citing *Eshagh v. Terminix Int'l Co., L.P.*, 588 Fed. App'x 703 (9th Cir. 2014) (unpublished)).)  Thus, Defendant contends that "based on this change in law," (Mot. at 1), the Court, should "reconsider that portion of its December 10, 2014 Order in which [] it determined that the arbitrator, not the court, would decide if [the] nature of the arbitration would be individual [or] class arbitration."  (Id. at 4.)

The Court finds that the Ninth Circuit's opinion in *Eshagh v. Terminix Int'l Co., L.P.* does not create a material difference in the law.  *See Eshagh*, 588 Fed. App'x at 704.  First, *Eshagh* is an unpublished opinion that is not precedential.  *Id.*; *see* CTA9 Rule 36-3.  Accordingly, *Eshagh* may be persuasive authority, but it is not binding on this Court.  *Id.*

Second, in the underlying district court decision in *Eshagh*, the magistrate judge recommended that the defendant's motion to strike class allegations be granted.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 14-01431-JLS (DFMx)                              Date:  March 17, 2015
Title:  Giovanni Espinoza v. C&L Refrigeration Corporation et al.

magistrate judge cited *Green Tree Financial Corp v. Bazzle*, 539 U.S. 444 (2003) for the proposition that the "right to bring a class in arbitration is a question of procedural arbitrability for the arbitrator, not the Court."  *Eshagh v. Terminix Int'l Co. L.P.*, No. 1:11CV0222 AWI DLB, 2012 WL 1669416, at *10 (E.D. Cal. May 11, 2012). Nevertheless, the magistrate judge instead chose to rely on *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), in recommending that the district court, rather than the arbitrator, decide the issue of the availability of class-wide arbitration because "*Bazzle* did not yield a majority decision on this question."  *Id.  Stolt-Nielsen*, however, did not even address the question of who decides the availability of class arbitration, explicitly limiting its determination to "the rule to be applied in deciding whether class arbitration is permitted" regardless of whether that decision is made by an arbitrator or a court.  *Stolt-Nielsen,* 559 U.S. at 680-81.

      As a result, this Court is not convinced that it must reconsider its prior decision in in this case in light of the unpublished and nonprecedential *Eshagh* memorandum disposition.  The Court still "finds useful guidance in the plurality opinion in" *Bazzle* and finds that "it does not contradict *Stolt–Nielsen* to assign the question of the availability of class arbitration to an arbitrator."  *JPMorgan Chase & Co.*, 982 F. Supp. 2d at 1112.

      Accordingly, the Court concludes that Defendant has failed to show that the Court should reconsider its prior Order.  Defendant's Motion therefore is DENIED.

Initials of Preparer:  tg